**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CIVIL ACTION NO.: 2:16-cv-00616-RMG**

| | |
|---|---|
| **DANA SPIRES and GLENN GRANT, on Behalf of Themselves and All Others Similarly Situated,**<br><br>       **Plaintiff,**<br><br> **v.**<br><br>**DAVID R. SCHOOLS, WILLIAM A. EDENFIELD JR., ROBERT G. MASCHE, JOSEPH T. NEWTON III, BURTON R. SCHOOLS, PIGGLY WIGGLY CAROLINA COMPANY, INC. & GREENBAX ENTERPRISES, INC. EMPLOYEE STOCK OPTION PLAN AND TRUST PLAN COMMITTEE, JOANNE NEWTON AYERS, MARION NEWTON SCHOOLS, and JOHN DOES 1-10,**<br><br>       **Defendants.** | **ANSWER OF DEFENDANTS JOANNE NEWTON AYERS AND MARION NEWTON SCHOOLS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

   **COME NOW** Defendants Joanne Newton Ayers and Marion Newton Schools (collectively "Noteholder Defendants"), by and through counsel, and answer and otherwise respond to Plaintiffs' First Amended Complaint (ECF No. 50) (hereinafter "the Complaint"). The Noteholder Defendants' responses are asserted without waving, and expressly reserving, the right to file dispositive motions addressed to some or all of the claims asserted in the Complaint. Except as specifically admitted herein below, the Noteholder Defendants deny all allegations of the Complaint.  With respect to the numbered paragraphs of the Complaint, the Noteholder Defendants respond as follows:

## AS TO INTRODUCTION

1.   Responding to Paragraph 1 of the Complaint, the Noteholder Defendants state that Paragraph 1 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 1 of the Complaint and demand strict proof thereof.

2.   Responding to Paragraph 2 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 2 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 2 of the Complaint, the Noteholder Defendants state that Paragraph 2 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 2 of the Complaint and demand strict proof thereof.

3.   Responding to Paragraph 3 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 3 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 3 of the Complaint, the Noteholder Defendants state that Paragraph 3 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 3 of the Complaint and demand strict proof thereof.

4.   Responding to Paragraph 4 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 4 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 4 of the Complaint, the Noteholder Defendants state that Paragraph 4 asserts conclusions of law to which no response is required.  To the extent any

allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 4 of the Complaint and demand strict proof thereof.

5.      Responding to Paragraph 5 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 5 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 5 of the Complaint, the Noteholder Defendants state that Paragraph 5 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 5 of the Complaint and demand strict proof thereof.

6.      Responding to Paragraph 6 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 6 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 6 of the Complaint, the Noteholder Defendants state that Paragraph 6 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 6 of the Complaint and demand strict proof thereof.

7.      Responding to Paragraph 7 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 7 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 7 of the Complaint, the Noteholder Defendants state that Paragraph 7 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise

required, the Noteholder Defendants deny the allegations of Paragraph 7 of the Complaint and demand strict proof thereof.

8.      Responding to Paragraph 8 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 8 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 8 of the Complaint, the Noteholder Defendants state that Paragraph 8 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 8 of the Complaint and demand strict proof thereof.

9.      Responding to Paragraph 9 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 9 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 9 of the Complaint, the Noteholder Defendants state that Paragraph 9 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 9 of the Complaint and demand strict proof thereof.

10.      Responding to Paragraph 10 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 10 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 10 of the Complaint, the Noteholder Defendants state that Paragraph 10 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 10 of the Complaint and demand strict proof thereof.

11.     Responding to Paragraph 11 of the Complaint, the Noteholder Defendants state that Paragraph 11 contains allegations that are not directed at or against the Noteholder Defendants.     Further responding to Paragraph 11 of the Complaint, the Noteholder Defendants state that Paragraph 11 asserts conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraph 11 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 11 and therefore deny the same and demand strict proof thereof.

12.     Noteholder Defendants deny the allegations of Paragraph 12 of the Complaint and demand strict proof thereof.

13.     Responding to Paragraph 13 of the Complaint, the Noteholder Defendants state that Paragraph 13 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 13 of the Complaint and demand strict proof thereof.

14.     Responding to Paragraph 14 of the Complaint, the Noteholder Defendants state that Paragraph 14 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 14 of the Complaint and demand strict proof thereof.

15.     Responding to Paragraph 15 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 15 are not directed at or against the Noteholder Defendants.

Further responding to Paragraph 15 of the Complaint, the Noteholder Defendants state that Paragraph 15 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants deny the allegations of Paragraph 15 of the Complaint and demand strict proof thereof.

<strong><u>AS TO JURISDICTION AND VENUE</u></strong>

16.     Responding to Paragraph 16 of the Complaint, the Noteholder Defendants state that Paragraph 16 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 16 of the Complaint and demand strict proof thereof.

17.     Responding to Paragraph 17 of the Complaint, the Noteholder Defendants state that Paragraph 17 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 17 of the Complaint and demand strict proof thereof.

18.     Responding to Paragraph 18 of the Complaint, the Noteholder Defendants state that Paragraph 18 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 18 of the Complaint and demand strict proof thereof.

<strong><u>AS TO PARTIES</u></strong>

19.     Responding to Paragraph 19 of the Complaint, the Noteholder Defendants admit, upon information and belief, that Plaintiff Dana Spires is a resident of Berkeley County, South Carolina.  Further responding to Paragraph 19 of the Complaint, the Noteholder Defendants state that the second sentence of Paragraph 19 asserts conclusions of law to

6

which no response is required. To the extent a response is required, the Noteholder Defendants deny the allegations of the second sentence of Paragraph 19 of the Complaint and demand strict proof thereof.

20.     Responding to Paragraph 20 of the Complaint, the Noteholder Defendants admit, upon information and belief, that Plaintiff Glenn Grant is a resident of Charleston County, South Carolina. Further responding to Paragraph 20 of the Complaint, the Noteholder Defendants state that the second sentence of Paragraph 20 asserts conclusions of law to which no response is required. To the extent a response is required, the Noteholder Defendants deny the allegations of the second sentence of Paragraph 20 of the Complaint and demand strict proof thereof.

21.     Responding to Paragraph 21 of the Complaint, the Noteholder Defendants admit, upon information and belief, that Plaintiff Susan Mohle is a resident of Charleston County, South Carolina. Further responding to Paragraph 21 of the Complaint, the Noteholder Defendants state that the second sentence of Paragraph 21 asserts conclusions of law to which no response is required. To the extent a response is required, the Noteholder Defendants deny the allegations of the second sentence of Paragraph 21 of the Complaint and demand strict proof thereof.

22.     Responding to Paragraph 22 of the Complaint, the Noteholder Defendants admit, upon information and belief, that Plaintiff Tom Miranda is a resident of Lexington County, South Carolina. Further responding to Paragraph 22 of the Complaint, the Noteholder Defendants state that the second sentence of Paragraph 22 asserts conclusions of law to which no response is required. To the extent a response is required, the Noteholder

Defendants deny the allegations of the second sentence of Paragraph 22 of the Complaint and demand strict proof thereof.

23.     Responding to Paragraph 23 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 23 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 23 of the Complaint, the Noteholder Defendants state that Paragraph 23 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the same and demand strict proof thereof.

24.     Responding to Paragraph 24 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 24 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 24 of the Complaint, the Noteholder Defendants state that Paragraph 24 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny the same and demand strict proof thereof.

25.     Responding to Paragraph 25 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 25 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 25 of the Complaint, the Noteholder Defendants state that Paragraph 25 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise

required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the same and demand strict proof thereof.

26.     Responding to Paragraph 26 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 26 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 26 of the Complaint, the Noteholder Defendants state that Paragraph 26 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the same and demand strict proof thereof.

27.     Responding to Paragraph 27 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 27 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 27 of the Complaint, the Noteholder Defendants state that Paragraph 27 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the same and demand strict proof thereof.

28.     Responding to Paragraph 28 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 28 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 28 of the Complaint, the Noteholder Defendants state that Paragraph 28 asserts conclusions of law to which no response is required.  To the extent any

allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the same and demand strict proof thereof.

29.     Responding to Paragraph 29 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 29 are not directed at or against the Noteholder Defendants. Further responding to Paragraph 29 of the Complaint, the Noteholder Defendants state that Paragraph 29 asserts conclusions of law to which no response is required.  To the extent any allegations are directed at or against the Noteholder Defendants, or a response is otherwise required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the same and demand strict proof thereof.

30.     Responding to Paragraph 30 of the Complaint, the Noteholder Defendants state that Defendant Joanne Newton Ayers previously held stock in Greenbax Enterprises, Inc. and that she is related to other Defendants who are parties to this lawsuit as stated.  Further responding to Paragraph 30 of the Complaint, the Noteholder Defendants state that the remainder of Paragraph 30 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the remaining allegations of Paragraph 30 of the Complaint and demand strict proof thereof.

31.     Responding to Paragraph 31 of the Complaint, the Noteholder Defendants state that Defendant Marion Newton Schools previously held stock in Greenbax Enterprises, Inc. and that she is related to other Defendants who are parties to this lawsuit as stated.  Further responding to Paragraph 31 of the Complaint, the Noteholder Defendants state that the

remainder of Paragraph 31 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the remaining allegations of Paragraph 31 of the Complaint and demand strict proof thereof.

## AS TO CLASS ACTION ALLEGATIONS

32.      Responding to Paragraph 32 of the Complaint, the Noteholder Defendants admit that Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure but deny that class certification is appropriate and further deny the remaining allegations in paragraph 32 and demand strict proof thereof.

33.      Responding to Paragraph 33 of the Complaint, the Noteholder Defendants state that Paragraph 33 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 33 of the Complaint and demand strict proof thereof.

34.      Responding to Paragraph 34 of the Complaint, including subparts (a) and (b), the Noteholder Defendants state that Paragraph 34 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 34 of the Complaint, and all subparts thereto, and demand strict proof thereof.

35.      Responding to Paragraph 35 of the Complaint, the Noteholder Defendants state that Paragraph 35 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 35 of the Complaint and demand strict proof thereof.

36.      Responding to Paragraph 36 of the Complaint, the Noteholder Defendants state that Paragraph 36 asserts conclusions of law to which no response is required.  To the extent

a response is required, the Noteholder Defendants deny the allegations of Paragraph 36 of the Complaint and demand strict proof thereof.

37.     Responding to Paragraph 37 of the Complaint, the Noteholder Defendants state that Paragraph 37 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 37 of the Complaint and demand strict proof thereof.

38.     Responding to Paragraph 38 of the Complaint, the Noteholder Defendants state that Paragraph 38 asserts conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the allegations of Paragraph 38 of the Complaint and demand strict proof thereof.

## AS TO FACTUAL ALLEGATIONS

39.     The Noteholder Defendants state that Paragraphs 39 through 50 of the Complaint contain allegations that are not directed at or against the Noteholder Defendants.  Further responding to Paragraphs 39 through 50 of the Complaint, the Noteholder Defendants state that Paragraphs 39 through 50 assert conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 39 through 50 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

40.     Upon information and belief, the Noteholder Defendants admit the allegations contained in Paragraph 51 of the Plaintiffs' Complaint.

41.     The Noteholder Defendants state that Paragraphs 52 through 56 of the Complaint contain allegations that are not directed at or against the Noteholder Defendants.  Further responding to Paragraphs 52 through 56 of the Complaint, the Noteholder Defendants state that Paragraphs 52 through 56 assert conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 52 through 56 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

42.     Responding to Paragraph 57 of the Complaint, the Noteholder Defendants admit only that they sold Greenbax Enterprises, Inc. shares to the Plan in exchange for Notes Payable. The Noteholder Defendants deny all remaining and/or inconsistent allegations or lack sufficient information to admit or deny the remaining allegations including footnote 2 and therefore deny the same and demand strict proof thereof.

43.     Responding to Paragraphs 58 and 59 of the Complaint, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

44.     The Noteholder Defendants state that Paragraphs 60 through 62 of the Complaint contain allegations that are not directed at or against the Noteholder Defendants.  Further responding to Paragraphs 60 through 62 of the Complaint, the Noteholder Defendants state that Paragraphs 60 through 62 assert conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 60 through 62 of the

Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

45.     Upon information and belief, the Noteholder Defendants admit the allegations contained in Paragraphs 63, 64, 65, and 66 of the Complaint.

46.     The Noteholder Defendants state that Paragraphs 67 through 189 of the Complaint contain allegations that are not directed at or against the Noteholder Defendants. Further responding to Paragraphs 67 through 189 of the Complaint, the Noteholder Defendants state that Paragraphs 67 through 189 assert conclusions of law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 67 through 189 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

47.     The Noteholder Defendants deny the allegations contained in Paragraph 190 of the Plaintiffs' Complaint.

48.     The Noteholder Defendants state that Paragraphs 191 through 207 of the Complaint contain allegations that are not directed at or against the Noteholder Defendants. Further responding to Paragraphs 191 through 207 of the Complaint, the Noteholder Defendants state that Paragraphs 191 through 207 assert conclusions of law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 191

through 207 of the Complaint and demand strict proof thereof. As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

49.     The Noteholder Defendants deny the allegations contained in Paragraphs 208, 209, and 210 of the Plaintiffs' Complaint.

50.     The Noteholder Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 211 and 212 of the Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

51.     The Noteholder Defendants deny the allegations contained in Paragraphs 213, 214, and 215 of the Plaintiffs' Complaint.

52.     The Noteholder Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 216 of the Plaintiffs' Complaint and therefore deny the same and demand strict proof thereof.

53.     The Noteholder Defendants deny the allegations contained in Paragraphs 217 through and 225 of the Plaintiffs' Complaint.

54.     The Noteholder Defendants state that Paragraphs 226 through 235 of the Complaint contain allegations that are not directed at or against the Noteholder Defendants. Further responding to Paragraphs 226 through 235 of the Complaint, the Noteholder Defendants state that Paragraphs 226 through 235 assert conclusions of law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 226 through 235 of the Complaint and demand strict proof thereof. As to those allegations not

directed at or against the Noteholder Defendants, the Noteholder Defendants lack sufficient information to admit or deny the allegations and therefore deny the same and demand strict proof thereof.

## AS TO THE LAW UNDER ERISA

55.     Responding to Paragraph 236 of the Complaint, the Noteholder Defendants state that the allegations of Paragraph 236 are directed at other parties and assert conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and therefore deny the same and demand strict proof thereof.

56.     Paragraph 237 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

57.     Paragraph 238 of the Complaint, including its subparts (a) through (f), states conclusions of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

58.     Paragraph 239 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

59.     Paragraph 240 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

60.     Paragraph 241 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

61.     Paragraph 242 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

62.     Paragraph 243 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

63.     Paragraph 244 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

64.     Paragraph 245 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

65.     Paragraph 246 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

66.     Paragraph 247 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, the Noteholder Defendants deny the same and demand strict proof thereof.

67.     The Noteholder Defendants deny the allegations contained in Paragraphs 248, 249, and 250 of the Plaintiffs' Complaint.

## AS TO CAUSES OF ACTION

### COUNT ONE
**(Breach of Fiduciary Duty against the Defendant Plan Fiduciaries)**

68.    Responding to Paragraph 251 of the Complaint, the Noteholder Defendants repeat, reallege, and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein verbatim.

69.    Responding to Paragraphs 252 through 258 (including subparagraphs) of the Complaint, the Noteholder Defendants state that Paragraphs 252 through 258 (including subparagraphs) contain allegations that are not directed at or against the Noteholder Defendants. Further responding to Paragraphs 252 through 258 (including subparagraphs) of the Complaint, the Noteholder Defendants state that Paragraphs 252 through 258 (including subparagraphs) assert conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 252 through 258 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraph 252 through 258 (including subparagraphs) of the Complaint and demand strict proof thereof.

### COUNT TWO
**(Breach of Fiduciary Duty Against the Defendant Plan Fiduciaries – Failure to Bring Derivative Action)**

70.    Responding to Paragraph 259 of the Complaint, the Noteholder Defendants repeat, reallege, and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein verbatim.

71.    Responding to Paragraphs 260 and 261 of the Complaint, the Noteholder Defendants state that Paragraphs 260 and 261 contains allegations that are not directed at or

against the Noteholder Defendants. Further responding to Paragraphs 260 and 261 of the Complaint, the Noteholder Defendants state that Paragraphs 260 and 261 assert conclusions of law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 260 and 261 of the Complaint and demand strict proof thereof. As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraph 260 and 261 of the Complaint and demand strict proof thereof.

72.     The Noteholder Defendants deny the allegations contained in Paragraph 262 (including subparagraphs) of the Plaintiffs' Complaint.

73.     Responding to Paragraphs 263 through 268 of the Complaint, the Noteholder Defendants state that Paragraphs 263 through 268 contains allegations that are not directed at or against the Noteholder Defendants. Further responding to Paragraphs 263 through 268 of the Complaint, the Noteholder Defendants state that Paragraphs 263 through 268 assert conclusions of law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 263 through 268 of the Complaint and demand strict proof thereof. As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraph 263 through 268 of the Complaint and demand strict proof thereof.

## COUNT THREE
### (Co-Fiduciary Liability Under ERISA § 405 Against Defendant Plan Fiduciaries)

74.    Responding to Paragraph 269 of the Complaint, the Noteholder Defendants repeat, reallege, and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein verbatim.

75.    Responding to Paragraphs 270 through 272 of the Complaint, the Noteholder Defendants state that Paragraphs 270 through 272 contains allegations that are not directed at or against the Noteholder Defendants.  Further responding to Paragraphs 270 through 272 of the Complaint, the Noteholder Defendants state that Paragraphs 270 through 272 assert conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 270 through 272 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraph 270 through 272 of the Complaint and demand strict proof thereof.

## COUNT FOUR
### (Prohibited Transaction Under ERISA § 406 Against Defendant Plan Fiduciaries)

76.    Responding to Paragraph 273 of the Complaint, the Noteholder Defendants repeat, reallege, and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein verbatim.

77.    Responding to Paragraphs 274 and 275 of the Complaint, the Noteholder Defendants state that Paragraphs 274 and 275 contains allegations that are not directed at or against the Noteholder Defendants.  Further responding to Paragraphs 274 and 275 of the Complaint, the Noteholder Defendants state that Paragraphs 274 and 275 assert conclusions of

law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 274 and 275 of the Complaint and demand strict proof thereof. As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 274 and 275 of the Complaint and demand strict proof thereof.

78.    The Noteholder Defendants deny the allegations contained in Paragraphs 276 and 277 (including subparagraphs) of the Plaintiffs' Complaint.

79.    Responding to Paragraphs 278 and 281 of the Complaint, the Noteholder Defendants state that Paragraphs 278 and 281 contains allegations that are not directed at or against the Noteholder Defendants. Further responding to Paragraphs 278 and 281 of the Complaint, the Noteholder Defendants state that Paragraphs 278 and 281 assert conclusions of law to which no response is required. To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 278 and 281 of the Complaint and demand strict proof thereof. As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 278 and 281 of the Complaint and demand strict proof thereof.

### COUNT FIVE
### (Equitable Relief Under ERISA § 502(a)(3) Against All Defendants)

80.    Responding to Paragraph 282 of the Complaint, the Noteholder Defendants repeat, reallege, and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein verbatim.

81.     Responding to Paragraphs 283 and 284 of the Complaint, the Noteholder Defendants state that Paragraphs 283 and 284 contains allegations that are not directed at or against the Noteholder Defendants.  Further responding to Paragraphs 283 and 284 of the Complaint, the Noteholder Defendants state that Paragraphs 283 and 284 assert conclusions of law to which no response is required.  To the extent a response is required, and as to those allegations directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraphs 283 and 284 of the Complaint and demand strict proof thereof.  As to those allegations not directed at or against the Noteholder Defendants, the Noteholder Defendants deny the allegations of Paragraph 283 and 284 of the Complaint and demand strict proof thereof.

82.     The Noteholder Defendants deny the allegations contained in Paragraphs 285 through 288 of the Plaintiffs' Complaint, such being all the remaining allegations of the Plaintiffs' Complaint.

## SECOND DEFENSE
### (Failure to State a Claim)

83.     Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE
### (Statutes of Limitations)

84.     Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs' claims are barred by the applicable statutes of limitations.

**FOURTH DEFENSE**
**(Laches, Repose, Waiver, Frustration of Purpose, and Estoppel)**

85.    Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs' claims are barred by the doctrines of laches, repose, waiver, frustration of purpose, and estoppel.

**FIFTH DEFENSE**
**(Failure to Mitigate)**

86.    Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs failed to mitigate their damages, if any.

**SIXTH DEFENSE**
**(Lack of Standing/Ripeness/Mootness)**

87.    Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs lack standing to bring the instant action and that Plaintiffs' claims are either not yet ripe or are now moot.

**SEVENTH DEFENSE**
**(Acts and Omissions of Third Parties)**

88.    Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs' damages, if any exist and are ultimately proven at trial, were proximately caused by the acts or omissions of third parties and not by the acts or omissions of the Noteholder Defendants.

**EIGHTH DEFENSE**
**(Accord and Satisfaction)**

89.    Further responding to the allegations of the Complaint, the Noteholder Defendants would show that Plaintiffs' damages, if any exist and are ultimately proven at trial, are barred by the doctrine of accord and satisfaction.

## RESERVATION OF DEFENSES

90.    Further responding to the allegations of the Complaint, the Noteholder Defendants aver that they have not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations.    The Noteholder Defendants intend to act as best they can to inform themselves of the pertinent facts and the prevailing circumstances surrounding any reported injury or damage to Plaintiffs as alleged in the Complaint.    Accordingly, the Noteholder Defendants expressly reserve the right to amend their Answer and give notice of their intent to assert any further affirmative defenses, counterclaims, or both, that the information-gathering process may reveal or that may become available to the Noteholder Defendants after or during the course of discovery and their investigation of this case.

**WHEREFORE,** having fully answered Plaintiffs' Complaint herein and having asserted these affirmative defenses, the Noteholder Defendants pray that judgment be rendered in their favor and against the Plaintiffs, and for such other relief as this court deems proper.

/s/ Brian C. Duffy
Brian C. Duffy (Fed. ID No. 9491)
Blake A. McKie (Fed. ID No. 10887)
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, South Carolina 29401
Telephone: (843) 720-2044
Facsimile: (843) 720-2047
bduffy@duffyandyoung.com
bmckie@duffyandyoung.com

*Attorneys for Defendants Joanne Newton Ayers and Marion Newton Schools*

October 3, 2017
Charleston, South Carolina