IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dana Spires, *et al.*, | ) | Civil Action No. 2:16-616-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| David R. Schools, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' motion to proceed as a derivative action under Rules 23.1(a) and 23.1(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiffs, participants in the Piggly Wiggly Carolina Company, Inc. and Greenbax Enterprises Inc. Employee Stock Ownership Plan and Trust (the "Plan"), have brought this class action on behalf themselves and all other participants under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs estimate that the number of Plan participants is approximately 5,000 persons. Plaintiffs have now moved for leave to proceed without class certification, as a derivative action on behalf of the Plan under Rule 23.1 of the Federal Rules of Civil Procedure. They also seek to be excused from compliance with the derivative-action pleading requirements of Rule 23.1(b). Defendants oppose Plaintiffs' motion.

**II. Discussion**

In support of their motion, Plaintiffs argue that class actions are not required for claims under ERISA § 502(a), but courts sometimes have nonetheless required procedural safeguards to ensure the plaintiffs are bona fide representatives of other interested parties. Thus, according to

Plaintiffs, courts have allowed ERISA § 502(a) claims to proceed as derivative actions on behalf of plans under Rule 23.1. Plaintiffs note that other courts have excused such actions from compliance with the pleading requirements of Rule 23.1(b), but they provide no argument about why that rule should not apply in this case. In opposition, Defendants argue that an ERISA plan lacks standing to sue, that the amended complaint does not comply with Rule 23.1(b), that the relief Plaintiffs seek would unfairly shift the burden of proof to Defendants, and that it would cause unreasonable delay.

It is questionable whether, under Fourth Circuit case law, an ERISA plan may bring ERISA claims against plan fiduciaries. *See Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 987–88 (4th Cir. 1990). The Court however does not need to reach that issue. Plaintiffs pleaded a class action. The complaint has nearly one hundred references to "class," "class members," and the "class period." It does not meet the pleading requirements for a derivative action under Rule 23.1(b) and Plaintiffs do not attempt to explain why Rule 23.1(b) should not apply.[1] Further, Defendants' argument that that allowing a class action to proceed as a derivative action would unfairly shift to Defendants the burden of proving or disproving the adequacy of the named Plaintiffs as representatives of all interested parties is well taken. In a class action, the plaintiffs must prove the adequacy of the class. *In re A.H. Robins Co.*, 880 F.2d 709, 728 (4th Cir. 1989). In a derivative action, the defendant arguably has the burden to prove that the plaintiff cannot

---

[1] Many cases Plaintiffs cite in which Rule 23.1(b) compliance was excused involved the consent of the parties. *E.g., Koerner v. Copenhaver*, No. 12-1091, 2014 WL 5544051 (C.D. Ill. Nov. 3, 2014) (order on unopposed motion for preliminary approval of settlement); Stipulation, *Fish v. Greatbanc Tr. Co.*, No. 1:09-cv-1668 (N.D. Ill. Dec. 29, 2009), ECF No. 115; *but see In re Wilmington Tr. Corp. Erisa Litig.*, No. CV 10-1114-SLR, 2013 WL 4757843, at *3 (D. Del. Sept. 4, 2013) (*sua sponte* excusing compliance with Rule 23.1(b) (the issue was not briefed), citing *Fish* without noting that in *Fish* the parties stipulated that Rule 23.1(b) would not apply; thereafter the case settled as a class action).

adequately represent the interests of the shareholders or of the corporation. *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir. 1982), *abrogation on other grounds recognized by Garber v. Lego*, 11 F.3d 1197 (3d Cir. 1993); *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 592 n.15 (5th Cir. 1974); *but see Audio-Video World of Wilmington, Inc. v. MHI Hotels Two, Inc.*, No. 7:O9-CV-39-F, 2011 WL 1059169, at *2 (E.D.N.C. Mar. 18, 2011) (concluding that cases placing the burden on the defendant to prove inadequacy rely on a misstatement of the holding of *Bernstein v. Levenson*, 437 F.2d 756, 757 (4th Cir. 1971)). Allowing this class action to proceed as a derivative action without amendment of the complaint could make it impossible to ascertain from the complaint exactly what Defendants must prove or rebut to defend themselves. That would deny Defendants the benefit of notice pleading, which is "to give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

Defendants therefore are correct when arguing that recasting this action as a derivative action would require amendment of the complaint. Amendment of the complaint to base the entire action on a new legal theory would require adjudication of new motions to dismiss. This action was filed 18 months ago. The Court will not return it to the pleading stage absent extraordinary circumstances. Plaintiffs, however, do not even attempt to show cause why, having chosen to file a class action, they nonetheless should be excused from "jump[ing] through the procedural hoops" of prosecuting a class action. (*See* Dkt. No. 99-1 at 3.) The Court therefore denies Plaintiffs' motion to proceed as a derivative action.

### III. <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to proceed under Rules 23.1(a) and 23.1(c) of the Federal Rules of Civil Procedure (Dkt. No. 99).

**AND IT IS SO ORDERED.**

                                                Richard Mark Gergel
                                                United States District Court Judge

November 14, 2017
Charleston, South Carolina